Case 7.

PET. EQ.

## Andrews *vs.* Word.

### APPEAL FROM PULASKI CIRCUIT.

1. A covenant to make title binds the covenantor to make title with general warranty. (*Steele vs. Mitchell, Pr. Dec*, 47; *Fleming vs. Harrison*, 2 *Bibb*, 171; *Vanada vs. Hopkins*, 1 *J. J. Marshall*, 293; *Hedges vs. Kerr*, 4 *B. Monroe*, 528.)

2. A vendee contracting for a good and perfect title, has a right to insist upon the relinquishment of the potential right of the wife of the vendor in the lands; but if he accept a deed without such relinquishment he cannot, on that account, insist on a cancelment of the contract.

[The facts of the case appear in the opinion of the court.—REP.]

*A. A. Burton* for appellant—

The title of the vendor, G. W. Andrews, is shown to be good. No serious objection is made to it by Word.

His principal objection to an execution of the contract is the presumptive right of dower of Andrew's wife.

The sale was of two acres of ground and a carding machinery. These two things made up jointly the consideration. They are inseparable. The machinery amounted in value to a third of the whole purchase. I contend, therefore, that if Andrews were compelled to procure a relinquishment of his wife's dower, his failure to do so under these circumstances would not be a cause of rescission, but of abatement of price only.

I contend, however, that Andrews is not bound to procure such relinquishment. The only covenant for title on his part will be found on page eighteen of the record, and is in these words: "The title to be made when the last payment is made." There is no covenant here for a good title, or any particular title. The presumption then is that Word contracted for such title only as Andrews had, and was able

himself to convey, independent of his wife and all other persons. In the absence of any covenant for any particular kind of title, Word should not insist on the highest title. If he contracted for a title with a relinquishment of dower, he should have had it inserted in the title bond. The fact that he failed to have it inserted is evidence that he waived it, and did not contract for it.

But has it ever been directly decided in Kentucky that a vendee can rescind for the failure of the vendor, who is bound for a good title to procure a relinquishment of his wife's dower?

Perhaps a vendor seeking equity, and who refused to procure such relinquishment, might be compelled, under certain circumstances that do not exist in this case, to do equity. Cases of that sort may no doubt be found. Here, however, creditors are concerned, and no equity should be required of them, except that contained in the covenants of the title bond.

A reversal is asked.

*A. J. James* for appellee—

When a vendor of real estate covenants to make his vendee 'a title' to the estate purchased he is bound to make a good and perfect title. (2 *Bibb*, 171; *Fleming vs. Harrison's devisees*, 1 *J. J. Marshall*, 293.)

If the vendor have a wife at the time of the sale, and the vendor himself is invested with the legal title to the estate sold, his wife becomes invested with a dower right, that is, a vested standing interest so long as the wife lives, and forms such an incumbrance on the title as the vendor would be required to remove before the vendee is compellable to accept the title, and pay the purchase money. (1 *Sugden on Vendors*, 572, 575; *Rawle on Covenants for Title*, 135–137.)

A vendee cannot be compelled to accept title made out by presumption from length of possession, &c. (*Tevis' representatives vs. Richardson's heirs*, 7 *Monroe*, 659.)

ANDREWS
*vs.*
WORD.

In this case no title from the commonwealth is shown at all. Word has a right to have a good and perfect title, and the plaintiff should show a title from the commonwealth down to Geo. W. Andrews, before he can require an execution of the contract by Word.

December 15.

Judge SIMPSON delivered the opinion of the court:

The vendor bound himself to make "the title" to the ground sold when the last payment of the purchase money was made. The legal effect of this stipulation is the first subject of inquiry.

1. A covenant to make title binds the covenantor to make title with general warranty. (*Steele vs. Mitchell, Pr. Dec.,* 47; *Fleming vs. Harrison,* 2 *Bibb,* 171; *Vanada vs. Hopkins,* 1 *J. J. Marshall,* 293; *Hedges vs. Kerr,* 4 *B. Mon.,* 528.)

It was decided at a very early day, in this state, that to comply with the legal intent of a covenant to convey title, such a deed as was customary should be executed: that is to say, a deed with general warranty; the court remarking, "that reason seemed to dictate that when any person desired to limit his contract in the sale of lands, it was his business to have it expressed, otherwise the presumption ought to be that he undertakes to make a good title, or a deed which will insure the land, or its value, to the purchaser." (*Steele vs. Mitchell, Pr. Dec.,* 47.) This doctrine has been substantially adhered to ever since, and recognized in the cases of *Fleming vs. Harrison,* 2 *Bibb,* 171; *Vanada vs. Hopkins,* 1 *J. J. Marshall,* 293; *Hedges vs. Kerr,* 4 *B. Monroe,* 528.

We are of opinion, therefore, that the vendor was bound, by his covenant, to make to the purchaser a good title, and to convey by a deed with general warranty.

The next question that arises is, was the purchaser bound to accept a deed executed by the vendor alone, without any relinquishment of dower by his wife?

It is contended that an inchoate right of dower, where husband and wife are both living, is no actual incumbrance, but only a possibility that one may subsequently arise, and cannot therefore be deemed

to be such a defect in the title as will justify the purchaser to refuse to accept it.

It is a settled principle of the law of vendor and purchaser, that as a general rule the right of the latter to a perfect title, clear of all claims whatsoever, present and future, fixed or contingent, is one of which he cannot be deprived but by his own acts. Where the claim is contingent, and of such a nature that the purchaser can be indemnified against all loss or damage that may accrue from it, and the vendor is willing to give such indemnity, the court will, under peculiar circumstances, and to effect the ends of justice, require the contract to be specifically executed, upon condition that such indemnity be given. But the general rule upon the subject is the one before stated, and the right of the purchaser to a perfect title is given by the law, unless by the contract of the parties, he agrees to accept it subject to a specified defect or incumbrance.

The purchaser may by his his acts waive his right, as when with notice of the right of dower he accepts a deed without any relinquishment on the part of the wife he will not, in such a case, be allowed to rescind the contract because of such an incumbrance.

In *Clark vs. Sciver*, 7 *Watts*, 110, it was decided that the covenant of the vendor was broken, "for the purchaser was not bound to receive a deed, even with general warranty, unless the wife joined in the conveyance, extinguishing her contingent interest." The same doctrine is laid down in *Sugden on Vendors*, 572–575, and seems to result necessarily from the principle that the purchaser has a right to a perfect title, clear of all claims whatever, certain or contingent.

We are of opinion, therefore, that a purchaser is not bound to accept a deed from his vendor, in fulfillment of such a contract as the one that was entered into by these parties, unless his wife joins in the conveyance, and thereby extinguishes her contin-

ANDREWS
vs.
WORD.

2. A vendee contracting for a good and perfect title has a right to insist upon the relinquishment of the potential right of the wife of the vendor in the lands; but if he accept a deed without such relinquishment he cannot, on that account, insist on a cancelment of the contract.

gent right of dower in the land sold and conveyed. This action was brought by the assignee of the note which was executed for the last instalment of the purchase money. The vendor and the purchaser were made defendants, and a specific execution of the contract prayed for. The vendor was a non-resident, and his wife, who was a resident, refused to relinquish her contingent right of dower. Under such circumstances the contract could not be specifically executed, nor the payment of the balance of the purchase money enforced, consequently a rescission of the contract was proper, it being the only relief to which the plaintiff was entitled. The fact that the lot of ground which was sold had on it a carding factory, which of course constituted a part of the consideration for the price agreed to be paid, does not change the rights of the parties. It was a contract for the sale of a lot of land, and although a house was erected thereon, which was used as a carding factory, and the machinery therein was also sold, the purchaser had nevertheless a right to a perfect title, and was not bound to accept a deed unless it conveyed to him a title of that description.

Wherefore, the judgment is affirmed.